LYNN H. BALL, ESQ.
Bar No. 056497
1560 Scott Street
San Diego, CA 92106-2333
(619) 225-1914
(619) 225-1720 - Fax

Attorney for Defendant Jose Gallegos-Lopez

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Crim. Case No. 08-CR-0085-L |
| Plaintiff, | **DEFENDANT GALLEGOS-LOPEZ'S MOTIONS IN LIMINE (FIRST SET)** |
| vs. | |
| JOSÉ GALLEGOS-LOPEZ, | Date: March 17, 2008 |
| Defendant. | Time: 10:00 a.m. |
| | Department: Judge Lorenz |
| | Trial date: March 18, 2008 |
| | Time: 9:00 a.m. |
| | Department: Judge Lorenz |

TO: UNITED STATES ATTORNEY KAREN P. HEWITT AND HER ASSISTANT, WILLIAM A. HALL

PLEASE TAKE NOTICE of the following Motions in Limine.

## INTRODUCTION

### Statement of Facts

This Statement of Facts is taken from discovery provided by the United States Attorney's Office. On December 29, 2007, during the evening hours, the United States Border Patrol had set up a surveillance near a residence located at 941 First Street in Calexico, California. This residence is directly across the street from the United States Border fence with Mexico. According to the

/ / /

discovery, the Border Patrol had been having difficulty with illegal aliens climbing over the border fence and then hiding in various places in the neighborhood near 941 First Street.

That evening at about 11:30 p.m., Defendant José Gallegos allegedly wandered around in the front and back yard of the residence. The residence is actually owned by Mr. Gallegos's parents and Mr. Gallegos was there for a visit. Mr. Gallegos lived with his family in Mexicali; however, he is a United States citizen, having been born in the United States. According to the discovery, it appears that Mr. Gallegos has the following convictions: a misdemeanor Battery in which he was convicted April 23, 1995; an Importation of Marijuana in which he was convicted June 28, 1999; an Infliction of Corporal Injury on Spouse or Co-Habitant pursuant to §273.5; a misdemeanor on January 16, 2001. He has arrests for terrorist threats on May 14, 1996; a warrant for Contempt of Court on June 10, 1997; a probation violation on his 1999 conviction for Importation of Marijuana of August /17, 2000; a probation violation on his Infliction of Corporal Injury to Spouse dated February 24, 2001; apparently a stop or arrest for Bringing in or Harboring Certain Aliens on January 10, 2005 and either arrest or stop on February 17, 2005 charging him with Bringing in or Harboring Certain Aliens; an arrest for Assault with a Deadly Weapon Not Firearm and Obstruction of Public Officer and Contributing to the Delinquency of a Minor on November 21, 2005; an arrest for Exhibiting a Deadly Weapon Not Firearm on January 29, 2006; an arrest for Driving on a Suspended License on February 3, 2007; an arrest for Driving on a Suspended License and Vandalism on September 17, 2007.

## MOTION IN LIMINE NO. 1

**IT IS REQUESTED THAT THE COURT PREVENT WITNESSES FOR THE PROSECUTION FROM TESTIFYING THAT "ONE OF THE RESIDENCES WHICH IS NOTORIOUS FOR ALIEN SMUGGLING IS THE RESIDENCE THAT IS LOCATED AT 941 FIRST STREET, CALEXICO, CALIFORNIA".**

### Argument

If such testimony concerning the residence at 941 First Street is admitted as being notorious

for alien smuggling, in order for this to be relevant, it would have to be shown that Defendant Gallegos was "responsible for this notorious reputation". In other words, it must be shown that this is admissible evidence pursuant to Rule 404(b) of the *Federal Rules of Evidence,* because it is "other act" evidence which must satisfy the four-part test pursuant to §404(b) under Ninth Circuit case law. In order for this "other act" evidence to be admissible under §404(b), there must be: (1) Sufficient proof of a jury to find that the defendant committed the other act; (2) The other act must not be too remote in time; (3) The other act must be introduced to show a material issue in this case; and (4) The other act must, if knowledge or intent is an issue, be similar to the offense charged. Under §403, even if all four conditions are met, the evidence may still be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. See *City of Duran v. City of Maywood,* 221 F. 3d 1127, 1132 to 1133 (9th Cir. 2000), and *U.S. v. Tsinnijinnie,* 91 F. 3d 1285, 1288 to 1289 (9th Cir. 1996).

In the instant case, the agents would have to give specific testimony that Mr. Gallegos himself was responsible for this so-called "notorious alien smuggling" in the past. The discovery opines that a United States citizen and known illegal alien-smuggler, Defendant José Gallegos-Lopez, resides at 941 First Street. In fact, the residents of that address are his elderly parents. Mr. Gallegos resides in Mexicali with his common-law wife and children and his parents are prepared to testify to that fact. Mr. Gallegos has not lived at 941 First Street for several years. Therefore, without sufficient proof that the defendant was specifically involved in these other "notorious alien-smuggling" ventures, then it is inappropriate for the Court to allow the agents to offer such testimony, as this would be inadmissible character evidence pursuant to Rule 404(b).

### MOTION IN LIMINE NO. 2

**IT IS REQUESTED THAT THE COURT NOT ALLOW THE WITNESSES FOR THE GOVERNMENT TO TESTIFY AS FOLLOWS: "MEMBERS OF THE STAT UNIT AND AGENTS OF THE CALEXICO BORDER PATROL STATION HAVE ARRESTED NUMEROUS SMUGGLED ILLEGAL ALIENS IN AND AROUND THIS**

**RESIDENCE", REFERRING TO THE RESIDENCE AT 941 FIRST STREET.**

**Argument**

The same argument applies as applied with Motion in Limine No. 1 in that unless there is specific evidence that Defendant José Gallegos was responsible for these other numerous smuggling of illegal aliens, then this evidence is inappropriate character evidence and is banned by Rule 404(b).

**MOTION IN LIMINE NO. 3**

**IT IS REQUESTED THAT THE COURT BAN THE UNITED STATES FROM OFFERING EVIDENCE THAT "MEMBERS OF THE STAT UNIT AND AGENTS FROM THE CALIFORNIA BORDER PATROL STATION HAVE APPREHENDED NUMEROUS ILLEGAL ALIENS INSIDE OF A SHED IN THE BACK YARD OF THE RESIDENCE OF 941 FIRST STREET".**

**Argument**

As was indicated in Motion in Limine No. 1, Mr. Gallegos does not reside at 941 First Street in Calexico. His elderly parents do reside in that residence. Unless the witnesses have specific information sufficient to show that Defendant José Gallegos-Lopez was responsible for the other illegal aliens inside of this shed, then this evidence also is in violation of Rule 404(b).

**MOTION IN LIMINE NO. 4**

**IT IS REQUESTED THAT THE COURT PREVENT WITNESSES FOR THE UNITED STATES FROM TESTIFYING "IT IS COMMON KNOWLEDGE TO THE MEMBERS OF THE STAT UNIT THAT JOSÉ GALLEGOS-LOPEZ, A UNITED STATES CITIZEN AND KNOWN ALIEN SMUGGLER, RESIDES AT 941 FIRST STREET".**

Unless the witnesses who are testifying have specific firsthand knowledge that José Gallegos-Lopez lives at 941 First Street, then such evidence is inadmissible hearsay and is reputation evidence. As was earlier indicated, it is expected that Mr. and Mrs. Gallegos, the parents of José, will testify that although their son visits them from time to time, he in fact, resides in

Mexicali and has resided in Mexicali for some considerable length of time. Additionally, it is requested that agents not be allowed to use the words "known alien smuggler" regarding Mr. Gallegos. If there are specific instances where defendant has been convicted of alien smuggling or has smuggled aliens, that may or may not be admissible depending upon when such incidences occurred, but it is impermissible for the witnesses to call Mr. Gallegos a "known alien smuggler."

## MOTION IN LIMINE NO. 5

## IT IS REQUESTED THAT THE COURT ORDER THAT THE WITNESSES NOT TESTIFY THAT DEFENDANT GALLEGOS ATTEMPTED TO ASSAULT TWO AGENTS WITH A HAMMER.

### Argument

In this case, Mr. Gallegos is charged with Aiding and Abetting the Harboring of Illegal Aliens. Therefore, any testimony regarding a prior bad act of Mr. Gallegos, such as attempting to assault two agents with a hammer, must be introduced to prove a material issue in the case. In this instance, there does not seem to be any relationship between attempting to assault two agents with a hammer and any material issue with regard to harboring illegal aliens; therefore, this evidence is not admissible pursuant to Rule 404(b).

## MOTION IN LIMINE NO 6

## IT IS REQUESTED THAT THE COURT NOT ALLOW WITNESSES TO TESTIFY THAT "DURING THE MONTH OF DECEMBER, AGENTS FROM THE CALEXICO BORDER PATROL STATION HAD REPORTED LOSING SEVERAL SUSPECTED ILLEGAL ALIENS NEAR A VACANT LOT THAT IS LOCATED TO THE EAST OF 941 FIRST STREET.

The agents stated that they had observed the suspected illegal aliens climb over the border fence and then run north across First Street into the vacant lot. The agents stated that they responded to the area, but were unable to locate the suspected illegal aliens. Due to the fact that the vacant lot is located one residence to the east of 941 First Street, the members of the STAT unit

believed that these suspected illegal aliens were "smuggled into 941 First Street or into the shed located in the back yard".

**Argument**

There are three problems with this particular testimony. First of all, the testimony calls for hearsay as to what other agents had said and therefore, unless these other agents testify, the testimony is inadmissible as being hearsay. The second problem is that there is total speculation as to whether or not these other suspected illegal aliens went to the address at 941 First Street or to the shed located in the back yard and therefore, this evidence is totally speculative, without foundation and fact, and is inadmissible. The third problem with such evidence is that there is absolutely no evidence that Defendant José Gallegos had anything to do with these alleged illegal aliens and therefore, it is inadmissible pursuant to §404(b) as was pointed out in the legal argument for Motion in Limine No. 1.

**MOTION IN LIMINE NO. 7**

**IT IS REQUESTED THAT THE COURT PREVENT THE WITNESSES FROM TESTIFYING "THE SOUND OF A LADDER BEING PLACED AGAINST THE BORDER FENCE AND THE SOUND OF THE LADDER BANGING AGAINST THE FENCE AS THE TWO INDIVIDUALS WERE CLIMBING, WAS QUITE LOUD. THIS APPEARED TO FURTHER DISTURB THE DOGS. AGENTS HARRINGTON, BATTAGLINI AND SANDOVAL IMMEDIATELY SUSPECTED THAT GALLEGOS HAD INTENTIONALLY INTENDED TO DISTURB THE DOGS TO CONCEAL THE SOUND OF THE SMUGGLING ACTIVITY THAT WAS OCCURRING."**

**Argument**

The agents had noticed that Mr. Gallegos was walking around in the front and back yard shooting a pellet gun against a fence. They speculated that the reason that Gallegos was shooting the pellet gun was because he intended to intentionally disturb the dogs to conceal sound of smuggling activity. The agents can describe exactly what was happening and whether the dogs were barking and whether or not the fence was making noise, but for them to give their opinion that

the reason that Gallegos was shooting a pellet gun was to conceal a smuggling activity was inappropriate and calls for speculation. Therefore, such evidence is not admissible.

## MOTION IN LIMINE NO. 8

**IT IS REQUESTED THAT THE COURT ORDER THAT THE WITNESSES FOR THE GOVERNMENT NOT TESTIFY AS FOLLOWS: "DUE TO THE FACT THAT GALLEGOS IS CLEARLY INVOLVED IN THE ILLEGAL SMUGGLING ACTIVITY, AGENT MILLS MADE THE DECISION TO APPROACH DEFENDANT GALLEGOS BEFORE HE COULD ABSCOND INTO THE RESIDENCE."**

### Argument

Whether or not Gallegos was clearly involved in illegal smuggling activity is for the jury to make a determination. The agents can testify as to what they did, but they cannot testify as to the reasons for doing so, which involves their opinion that Mr. Gallegos was involved in illegal smuggling activity.

## MOTION IN LIMINE NO. 9

**IT IS REQUESTED THAT THE COURT BAN THE UNITED STATES ATTORNEY FROM PLAYING THE VIDEO OF GALLEGOS INVOKING HIS *MIRANDA* RIGHTS AND REFUSING TO SIGN THE LUJAN-CASTRO FORM OR TO PREVENT AGENTS FROM TESTIFYING THAT THIS OCCURRED.**

### Argument

Mr. Gallegos has an absolute right not to incriminate himself. To play the tape showing that he did invoke his rights would be a comment on the fact that he refused to incriminate himself and is inappropriate evidence.

## MOTION IN LIMINE NO. 10

**IT IS REQUESTED THAT THE COURT INSTRUCT THE PROSECUTOR NOT TO ALLOW MATERIAL WITNESS HERNANDEZ TO TESTIFY THAT ALLEGED ALIEN SMUGGLERS ON THE OTHER SIDE OF THE FENCE IN MEXICO TOLD HIM WHICH HOUSE TO RUN TO AND THAT HE WAS INSTRUCTED TO RUN TO**

**A SHED LOCATED BEHIND THE HOUSE AND THAT SOMEONE WOULD COME FOR HIM THERE.**

**Argument**

This is inadmissible hearsay.  There is no conspiracy count alleged and Mr. Hernandez is not an un-indicted conspirator, nor is the person in Mexico; therefore, anything that was told to Mr. Hernandez as to what he should do in the future is inadmissible hearsay.

**MOTION IN LIMINE NO. 11**

**IT IS REQUESTED THAT THE COURT INSTRUCT THE UNITED STATES ATTORNEY NOT TO HAVE MATERIAL WITNESS MONTES TESTIFY THAT "ONE SMUGGLER POINTED TO A SPECIFIC HOUSE ON THE UNITED STATES SIDE AND TOLD HIM THAT HE WAS SUPPOSED TO HIDE IN A SMALLER HOUSE LOCATED BEHIND THE ONE THAT THE SMUGGLER HAD POINTED TO."**

**Argument**

Again, this is inadmissible hearsay as to what the smuggler supposedly told Mr. Montes.

**MOTION IN LIMINE NO. 12**

**IN THE EVENT MR. GALLEGOS DOES NOT TESTIFY, IT IS REQUESTED THE COURT NOT ALLOW THE FOLLOWING TO BE INTRODUCED BY THE PROSECUTOR:  MISDEMEANOR BATTERY, CONVICTED 4/23/1985; ARREST FOR TERRORIST THREATS DATED 5/14/1996; ARREST FOR CONTEMPT OF COURT DATED 6/10/1997; CONVICTION FOR IMPORTATION OF MARIJUANA DATED 3/4/1999; PROBATION VIOLATION DATED 8/17/2000; MISDEMEANOR CONVICTION FOR INFLICTION OF CORPORAL INJURY ON SPOUSE DATED 1/16/2001; PROBATION VIOLATION DATED 1/24/2001; ARREST FOR INFLICTION OF CORPORAL INJURY ON SPOUSE DATED 9/12/2001; SUPERVISED RELEASE VIOLATION DATED 5/9/2002; ARREST DATED 9/29/2004 FOR USE OF FORCE WITH A DEADLY WEAPON NOT FIREARM; ARREST DATED 1/10/2005 FOR**

**BRINGING IN OR HARBORING CERTAIN ALIENS; ARREST DATED 2/17/2005 FOR BRINGING IN OR HARBORING CERTAIN ALIENS; ARREST DATED 11/21/2005 FOR FORCE/ASSAULT WITH A DEADLY WEAPON NOT FIREARM, GREAT BODILY INJURY, OBSTRUCTING PUBLIC OFFICER AND CONTRIBUTING TO THE DELINQUENCY OF A MINOR; ARREST DATED 1/29/2006 FOR EXHIBITING A DEADLY WEAPON NOT FIREARM; ARREST DATED 2/3/2007 FOR DRIVING ON A SUSPENDED LICENSE; ARRESTED DATED 9/17/2005 FOR DRIVING ON A SUSPENDED LICENSED AND VANDALISM.**

**Argument**

Other than the two alleged arrests for stops for harboring certain aliens, there is no relationship whatsoever to these other crimes for the purposes of the four-part test under the Ninth Circuit in that these other acts are introduced through a material issue in the case.

With regard to the bringing in or harboring certain aliens, there is no notice from the United States Attorney regarding these incidences and we do not know if they are in any way similar to what allegedly happened in this case.

**CONCLUSION**

It is requested that the Court grant the Motions in Limine requested by the defendant.

Respectfully submitted,

Date: February 25, 2008

*s/Lynn H. Ball*

Lynn H. Ball
Attorney for José Gallegos-Lopez
E-mail: lhball@sbcglobal.net