KAREN P. HEWITT
United States Attorney
CARLOS M. ARGUELLO
DAVID D. LESHNER
Assistant U.S. Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6252/(619) 235-2757 (Fax)

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0085-L |
|---|---|---|
| Plaintiff, | ) | DATE: March 17, 2008 |
| | ) | TIME: 10:00 a.m. |
| v. | ) | |
| JOSE GALLEGOS-LOPEZ, | ) | GOVERNMENT'S MOTIONS IN LIMINE TO: |
| Defendant. | ) | (A) ALLOW ARGUMENT THAT DEFENDANT NEED NOT ACT FOR PERSONAL FINANCIAL GAIN; |
| | ) | (B) ADMIT CO-CONSPIRATOR STATEMENTS; |
| | ) | (C) ADMIT RULE 404(B) EVIDENCE; |
| | ) | (D) ADMIT RULE 609 EVIDENCE; |
| | ) | (E) PROHIBIT EVIDENCE AND ARGUMENT RELATED TO AGE, FINANCES, EDUCATION, HEALTH, AND PUNISHMENT; |
| | ) | (F) PRECLUDE DEFENSE EXPERT TESTIMONY; |
| | ) | (G) PERMIT GOVERNMENT EXPERT TESTIMONY; |
| | ) | (H) EXCUSE WITNESSES EXCEPT FOR CASE AGENT; AND |
| | ) | (I) RENEWED MOTION FOR RECIPROCAL DISCOVERY |

///

///

1    COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Carlos M. Arguello and David D. Leshner, Assistant U.S. Attorneys, and hereby files its Motions in Limine in the above-referenced case. Said motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

**I**

**STATEMENT OF THE CASE**

The Defendant, Jose Gallegos-Lopez (hereinafter "Gallegos" or "Defendant"), was charged by a grand jury on January 9, 2008, with violating 8 U.S.C. §§ 1324(a)(2)(B)(ii), bringing in illegal aliens for financial gain, 8 U.S.C. §§ 1324(a)(1)(A)(iii), harboring illegal aliens, and aiding and abetting. Defendant was arraigned on the four-count Indictment on January 15, 2008, and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

Defendant was apprehended in the early morning hours of December 30, 2007, by United States Border Patrol Agents ("BPAs") in Calexico, California. Earlier that evening, at approximately 11:35 p.m., BPAs were conducting surveillance east of the Calexico, California Port of Entry and saw an individual later identified as Defendant. Defendant walked outside into the backyard of 841 First Street in Calexico, California ("the property") and discharged approximately 20 rounds from a pellet gun. Shortly after discharging the pellet gun, BPAs observed several suspected smugglers run up to the international boundary fence, which is directly across the street from the property. The suspected smugglers then placed a ladder on the border fence. Two suspected illegal aliens the climbed up the ladder and over the top of the fence, illegally entering the United States.

The suspected aliens then ran north across First Street, as the suspected smugglers shouted directions. The suspected aliens entered the backyard of 841 First Street. Upon entering the

2

backyard, the suspected aliens ran within feet of Defendant and entered a shed on the property, slamming the door shut behind them.

BPAs arrived at the property to arrest Defendant. As they attempted to detain Defendant, he became combative. After subduing Defendant, BPAs placed him under arrest. They then received consent to search the residence and shed from Defendant's father, the property owner.

Inside the shed on the property, BPAs found two individuals crouched down inside, Bernabe Hernandez-Montes and Gerardo Montes-Alberdin (hereafter "the material witnesses"). Both stated that they were citizens and nationals of Mexico illegally present in the United States. Both material witnesses also stated that they were not in possession of any immigration documents allowing them to enter or to remain inside the United States. Each stated that they had made arrangements to be smuggled illegally into the United States for between $2,500 and $2,800 USD and received specific instructions to climb the international boundary fence and to run into the shed on the property. Inside the house on the property, a BPA found a pellet gun.

## III

## MOTIONS IN LIMINE

**A.   The Court Should Allow Argument That Defendant Need Not Act For Personal Financial Gain.**

Counts One and Three of the Indictment charge Gallegos with Bringing in Illegal Aliens for Financial Gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and Aiding and Abetting in violation of 18 U.S.C. § 2. "In the context of aider and abettor liability, there is a single crime that the defendant is charged with committing; he could commit that offense by directly performing illegal acts himself, or by aiding, abetting, counseling, commanding, inducing, or procuring the commission of the offense. Whichever, the defendant (if convicted) is liable as a principal." United States v. Garcia, 400 F.3d 816, 819 (9th Cir. 2005).

The plain language of 8 U.S.C. § 1324(a)(2)(B)(ii) requires only that the offense be done for the purpose of commercial advantage or private financial gain. The statute "does not

require evidence of an actual payment" but "merely requires that the offense was done for the purpose of financial gain." United States v. Angwin, 271 F.3d 786, 805 (9th Cir. 2001), overruled on other grounds, United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007) (en banc).

By proceeding under an aiding and abetting theory, the Government need not prove that Gallegos personally acted for the purpose of commercial advantage or private financial gain. See United States v. Munoz, 412 F.3d 1043, 1047 (9th Cir. 2005). As the Ninth Circuit explained in United States v. Tsai, 282 F.3d 690 (9th Cir. 2001), "[b]ecause [the defendant] was charged as an aider and abettor under 18 U.S.C. § 2, the government could make out this [financial gain] element merely by proving that a principal – not necessarily [the defendant] himself – committed the crime with a pecuniary motive; it need not show actual payment or even an agreement to pay." Id. at 697 (citation omitted). See also United States v. Schemenauer, 394 F.3d 746, 751 (9th Cir. 2005) (affirming conviction for brining in illegal alien for financial gain where smuggled alien expected that someone would be paid $3,000 for her transportation, and there was no explanation for the defendant's participation in the alien smuggling scheme "other than an intent to share in the payments to be made").

The foregoing authorities make clear that to convict Gallegos of bringing in for financial gain, the Government need only prove that a principal (not necessarily Gallegos) committed the offense with pecuniary motive. Accordingly, the Court should permit the Government to argue that Gallegos may be liable under 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2 so long as there is evidence that the material witnesses were to pay someone to be smuggled into the United States and that Gallegos aided and abetted the offense.

**B.     The Court Should Admit Co-Conspirator Statements Concerning Smuggling Arrangements.**

The Government submits that the material witnesses should be permitted to testify regarding their arrangements to be smuggled into the United States and then transported to their ultimate destination. It is the Government's position that most (if not all) of this testimony will

not constitute hearsay under Federal Rule of Evidence 801(c) because any out of court statements will not be offered for the truth of the matter asserted. For example, the Government expects both material witnesses to testify that the smugglers told them to run to defendant's residence and hide in the shed in the backyard. This type of order or instruction is not hearsay. See, e.g., United States v. Bellomo, 176 F.3d 580, 586 (2d Cir.1999) ("Statements offered as evidence of commands or threats or rules directed to the witness, rather than for the truth of the matter asserted therein, are not hearsay."); United States v. Shepherd, 739 F.2d 510, 514 (10th Cir.1984) ("An order or instruction is, by its nature, neither true nor false and thus cannot be offered for its truth."). Nonetheless, to the extent these arrangements and details include statements from Gallegos's accomplices in the smuggling venture offered for the truth of the matter asserted, the statements are admissible under Federal Rule of Evidence 801(d)(2)(E).

Federal Rule of Evidence 801(d)(2)(E) specifically defines statements made by a coconspirator of a party during the course and in furtherance of a conspiracy as non-hearsay. In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court re-affirmed its holding in United States v. Bourjaily, 483 U.S. 171 (1987), that co-conspirator statements are non-testimonial and do not implicate the Confrontation Clause regardless whether the defendant was afforded a prior opportunity for cross examination. Crawford, 541 U.S. at 56. The Ninth Circuit similarly has recognized that Crawford did not affect the admissibility of co-conspirator statements under Rule 801(d)(2)(E) "because co-conspirator statements are not testimonial." United States v. Bridgeforth, 461 F.3d 864, 869 n.1 (9th Cir. 2006).

Co-conspirator statements are admissible under Rule 801(d)(2)(E) if the United States demonstrates that (1) a conspiracy existed, (2) the defendant and the declarant were members of the conspiracy, and (3) the statement was made during the course of and in furtherance of the conspiracy. See Bourjaily, 483 U.S. at 175; Bridgeforth, 461 F.3d at 869. These are questions of fact that must be resolved by the Court by a preponderance of the evidence. Fed.

R. Evid. 104; <u>Bourjaily</u>, 483 U.S. at 175. "Furtherance of a conspiracy" is to be interpreted broadly. <u>United States v. Manfre</u>, 368 F.3d 832, 838 (8th Cir. 2004). In determining these preliminary questions, the Court "is not bound by the rules of evidence except those with respect to privilege." Fed. R. Evid. 104(a).

The Court may consider the content of the statements in determining whether the co-conspirator statement is admissible. <u>Bourjaily</u>, 483 U.S. at 180. Further, once the Court finds that the statement meets the evidentiary requirements for admission under Rule 801(d)(2)(E), the Court need not make an additional inquiry as to whether the declarant is unavailable or whether there is any independent indicia of reliability. <u>Id</u>. at 182-184.

To admit co-conspirator statements, the Government need not charge the defendant with conspiracy, <u>United States v. Layton</u>, 855 F.2d 1388 (1988), or charge the declarant as a co-defendant in any conspiracy. <u>United States v. Jones</u>, 542 F.2d 186 (4th Cir. 1976). Further, upon joining the conspiracy, earlier statements made by co-conspirators after inception of the conspiracy become admissible against the defendant. <u>United States v. Anderson</u>, 532 F.2d 1218, 1230 (9th Cir. 1976) ("Statements of a co-conspirator are not hearsay even if made prior to the entry of the conspiracy by the party against whom it is used."). See also <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 393 (1948) ("the declarations and acts of various members, even though made prior to the adherence of some to the conspiracy become admissible against all as declarations or acts of coconspirators in aid of the conspiracy"). In other words, a defendant who joins the conspiracy at a later date, takes the conspiracy as he finds it. <u>United States v. Hickey</u>, 360 F.2d 127, 140 (7th Cir. 1966).

### 1. A Conspiracy Existed

In this case, the conspiracy consists of the efforts made by known and unknown persons, including Gallegos, the material witnesses, and smugglers in Mexico to smuggle the material witnesses into the United States, harbor them and transport them to their destination

within the United States. The evidence of this conspiracy stems both from the testimony of the material witnesses as well as the facts and circumstances surrounding Gallegos's arrest.

    **2.**    **Defendant And The Declarants Were Members Of The Conspiracy**

The Government anticipates that the testimony of the material witnesses at trial will demonstrate that they received instructions from the smugglers in Mexico to run to the shed behind Gallegos's residence. This evidence demonstrates that Gallegos was a member of the conspiracy to smuggle the aliens into the United States.

    **3.**    **The Statements Were Made During The Course Of And In Furtherance Of The Conspiracy.**

The co-conspirator statements that the Government contends are non-hearsay involve statements concerning the material witnesses' entry into the United States and their harboring in Gallegos's backyard. Accordingly, the statements plainly were in the course of and in furtherance of the conspiracy.

    **4.**    **The Court May Conditionally Admit Co-Conspirator Statements**

The district court possesses the discretion to conditionally admit co-conspirator statements subject to a motion to strike if the Government fails to establish the requisite foundation. United States v. Reed, 726 F.2d 570, 580 (9th Cir. 1984); United States v. Loya, 807 F.2d 1483, 1490 (9th Cir. 1987).

**C.**    **The Court Should Admit Rule 404(b) Evidence.**

Rule 404(b) provides, in relevant part:

> (b) **Other Crimes, Wrongs, or Acts.**–Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown of the general nature of any such evidence it intends to introduce at trial.

1           Rule 404(b) is a rule of inclusion one, and "evidence of other crimes is inadmissible
2    under this rule only when it proves nothing but the defendant's criminal propensities." United
3    States v. Sneezer, 983 F.2d 920, 924 (9th Cir. 1992); see also United States v. Hinostroza, 297
4    F.3d 924, 928 (9th Cir. 2002) ("The only time such evidence may be excluded by rule 404(b) is
5    if the evidence 'tends to prove only criminal disposition.'") (citation omitted, emphasis in
6    original); United States v. Cruz-Garcia, 344 F.3d 951, 954 (9th Cir. 2003) ("[W]e have held
7    that Rule 404(b) is one of inclusion, and if evidence of prior crimes bears on other relevant
8    issues, 404(b) will not exclude it.") (citation omitted).
9           Evidence offered to prove something other than propensity – such as motive,
10   opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident –
11   falls within the scope of Rule 404(b).  This list is illustrative, not exhaustive.  Cruz-Garcia, 344
12   F.3d at 955; United States v. Johnson, 132 F.3d 1279, 1282 (9th Cir. 1997) ("So long as the
13   evidence is offered for a proper purpose, such as to prove intent, the district court is accorded
14   wide discretion in deciding whether to admit the evidence and the test for admissibility is one
15   of relevance.").  Rule 404(b) is of particular importance in criminal proceedings such as this
16   case where the intent of the accused is a relevant issue.  As the Supreme Court indicated in
17   United States v. Huddleston, 485 U.S. 681 (1988), "[e]xtrinsic acts evidence may be critical to
18   the establishment of the truth as to a disputed issue, especially when that issue involves the
19   actor's state of mind and the only means of ascertaining that mental state is by drawing
20   inferences from conduct." Id. at 685.
21          When offered a purpose other than propensity, evidence of other acts is admissible
22   under Rule 404(b) where it: (1) tends to prove a material point; (2) is not too remote in time;
23   (3) the evidence is sufficient to support a finding that defendant committed the other act; (4) the
24   act is similar to the offense charged; and (5) the act's probative value is not substantially
25   outweighed by unfair prejudice under Rule 403.  United States v. Romero, 282 F.3d 683, 688

1  (9th Cir. 2002) (citation omitted).  Application of these five factors to Gallegos's prior alien
2  smuggling apprehensions weighs heavily in favor of admissibility.
3      First, Gallegos's prior involvement in the smuggling of illegal aliens is material to the
4  issue of identity, knowledge, and intent. See United States v. Hodges, 770 F.2d 1475, 1479 (9th
5  Cir. 1985) (other act evidence may be introduced if the Government establishes its relevance to
6  an actual issue in the case).  Evidence of prior arrests and prior convictions for transporting
7  illegal aliens has been upheld as admissible to prove a defendant's knowledge and intent.  See
8  United States v. Winn, 767 F.2d 527, 530 (9th Cir. 1985) (per curiam) (defendant's prior
9  conviction for transportation of illegal aliens was properly admitted "because it shows that
10 appellant had knowledge of the smuggling operation in which he was involved"); United States
11 v. Longoria, 624 F.2d 66,69 (9th Cir. 1980) (district court did not err in admitting into evidence
12 defendant's conviction for transporting illegal aliens two years prior because it was "highly
13 relevant and admissible to show the requisite knowledge, criminal intent, and lack of innocent
14 purpose"); United States v. Holley, 493 F.2d 581, 584 (9th Cir. 1974) (defendant's prior
15 apprehension for transporting illegal aliens was properly admitted to show knowledge, even
16 though the apprehension did not result in a prosecution).
17     Second, the "other act" evidence the Government seeks to introduce is not too remote in
18 time.  There is no bright-line rule requiring the Court to exclude other act evidence after a
19 certain period of time has elapsed.  See United States v. Brown, 880 F.2d 1012, 1015 n. 3 (9th
20 Cir. 1989) Gallegos's prior apprehensions are sufficiently recent for the purposes of Rule
21 404(b). United States v. Johnson, 132 F.3d 1279, 1283 (9th Cir. 1997) (upholding admission of
22 other act that occurred 13 years before charged crime); United States v. Ross, 886 F.2d 264,
23 267 (9th Cir. 1989) (same).
24     Third, the Government will present sufficient evidence of Gallegos's prior involvement
25 in alien smuggling. Other act evidence under Rule 404(b) should be admitted if "there is
26 sufficient evidence to support a finding by the jury that the defendant committed the similar
27
28     9

act." Huddleston v. United States, 485 U.S. 681, 685 (1988). The testimony of a single witness satisfies the low-threshold test of sufficient evidence for purposes of Rule 404(b). See United States v. Dhingra, 371 F.3d 557, 566-57 (9th Cir. 2004). Here, the Government will satisfy this threshold through witness testimony.

Fourth, Gallegos's prior alien smuggling endeavors are similar to the instant offense.

Finally, this evidence is highly probative and is "not the sort of conduct which would provoke a strong and *unfairly* prejudicial emotional response from the jury." United States v. Ramirez-Jiminez, 967 F.2d 1321, 1327 (1992) (emphasis added).

**D.    Admit Rule 609 Evidence**

In June 1999, Gallegos was convicted in the Southern District of California of importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. Should Gallegos testify at trial, and thereby place his credibility at issue, the Government intends to inquire about this drug conviction under Federal Rule of Evidence 609.

Rule 609(a) provides, in relevant part:

> For purposes of attacking the credibility of a witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of punishment.

Fed. R. Evid. 609(a). Five factors are relevant in determining whether to admit evidence of prior convictions under Rule 609: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of the Defendant's testimony; and (5) the centrality of the Defendant's credibility. United States v. Browne, 829 F.2d 760, 762-63 (9th Cir. 1987).

///

10

1   Each of these factors weighs in favor of admitting evidence of Gallegos's conviction. First, the impeachment value of the felony conviction is high, as the conviction involves a serious crime and casts doubt upon his veracity. See United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995) (district court properly admitted evidence of prior convictions for robbery and possession of cocaine for sale – "We have previously stated that prior convictions for robbery are probative of veracity . . . The same is true of prior convictions for drug offenses.") (citation omitted). The second factor – the age of the prior conviction – weighs in favor of admitting it because it falls within the ten-year time limit of Rule 609(b). Third, the prior conviction is not similar to the crimes charged, and there is no risk that the jury would draw the impermissible conclusion that Gallegos engaged in alien smuggling because he previously committed the crime of importing marijuana. Lastly, the importance of Gallegos's testimony is crucial in a case such as this, where he would presumably be called to testify to claim that he did not knowingly participate in the smuggling of illegal aliens. Because this type of defense could only be developed through Gallegos's own testimony, his credibility in asserting such alleged facts would prove central to the case. Further, Gallegos's credibility will be a critical issue should he elect to testify at trial. Alexander, 48 F.3d at 1489 ("When a defendant takes the stand and denies having committed the charged offense, he places his credibility directly at issue."); Browne, 829 F.2d at 764 (upholding admission of defendant's prior robbery conviction in prosecution for bank robbery where, inter alia, defendant's "credibility was certainly central to his defense"). Accordingly, the Government should be allowed to introduce evidence of Gallegos's prior felony conviction under Rule 609(a) if he elects to testify at trial.

### E.   The Court Should Prohibit Reference to Gallegos's Health, Age, Finances, Education and Potential Punishment.

Evidence and argument referring to Gallegos's health, age, finances, education and potential punishment is inadmissible and improper. Rule 402 provides that "Evidence which is

11

1  not relevant is not admissible." Rule 403 provides further that even relevant evidence may be
2  inadmissible "if its probative value is substantially outweighed by the danger of unfair
3  prejudice." Section 3.1 of the Ninth Circuit Model Jury Instructions explicitly instruct jurors to
4  "not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy."
5  Reference to Gallegos's health, age, finances, education and potential punishment may be
6  relevant at sentencing. At trial, however, such reference is irrelevant and unfairly prejudicial,
7  and potentially akin to a request for jury nullification as well.

8  The Court should also preclude evidence and argument related to Gallegos's potential
9  punishment. See Shannon v. United States, 512 U.S. 573, 579 (1994) (providing jurors with
10  information regarding the potential sentence "invites them to ponder matters that are not within
11  their province, distracts them from their fact finding responsibilities, and creates a strong
12  possibility of confusion."); United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991)

13  **F.      The Court Should Preclude Any Expert Testimony By Defense Witnesses.**

14  Defendant has not provided notice of any prospective expert witness, any reports by any
15  expert witnesses, or any reciprocal discovery. Accordingly, Defendant should not be permitted
16  to introduce any expert testimony at trial. If the Court determines that Defendant may
17  introduce expert testimony in the future, the Government requests a hearing to determine the
18  expert's qualifications and relevance of the expert's testimony pursuant to Rule 702. See
19  Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999); United States v. Rincon, 11 F.3d
20  922 (9th Cir. 1993) (affirming the district court's decision to not admit the defendant's
21  proffered expert testimony because there had been no showing that the proposed testimony
22  related to an area that was recognized as a science or that the proposed testimony would assist
23  the jury in understanding the case); United States v. Hankey, 203 F.3d 1160, 1167 (9th Cir.
24  2000).
25  ///
26  ///
27
28

**G.     The Court Should Permit Expert Testimony From Government Agents.**

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed. R. Evid. 702. The trial Court has broad discretion to admit expert testimony. See e.g., United States v. Alonso, 48 F.3d 1536, 1539 (9th Cir. 1995). An expert may base his opinion on hearsay or facts not in evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed. R. Evid. 703. In addition, an expert may provide opinion testimony even if it embraces an ultimate issue to be decided by the trier-of-fact. Fed. R. Evid. 704.

The United States expects to present the testimony of Immigration and Customs Enforcement Agent Donald Webster who will testify as an expert regarding the methods used by alien smuggling organizations in Imperial County. As required by Fed. R. Crim. P. 16, the Government is providing Agent Webster's qualifications and a brief summary of his expert testimony to defense counsel concurrently with the filing of these motions. Accordingly, no basis exists for excluding the Government's expert testimony regarding the structure and methods used by alien smugglers in Imperial County.

It is expected that Agent Webster will base his opinions on his experience investigating these types of cases, as well as, his hands-on experience interrogating human trafficking organizations on a larger scale, debriefing confidential informants and defendants and discussing intelligence information with other agents investigating alien smuggling cases. Agent Webster has investigated over 1000 alien smuggling cases during the course of his 23-year federal law enforcement career, which has been exclusively based in Imperial County.

/ / /

/ / /

/ / /

/ / /

13

**H.     The Court Should Exclude Testifying Witnesses**

The Government moves this Court, pursuant to Rule 615, to exclude all testifying percipient witnesses from the Courtroom so that they cannot hear the testimony of the other witnesses. The Government's case agent is essential to the Government's case and should not be excluded under Rule 615(3).

**I.     Renewed Motion For Reciprocal Discovery**

As of the date of the preparation of these motions, Gallegos has not produced any reciprocal discovery. The Government requests that Gallegos comply with Rule 16(b) of the Federal Rules of Criminal Procedure, as well as Rule 26.2, which requires the production of prior statements of <u>all</u> witnesses, except for those of Gallegos. Gallegos has not provided the Government with any documents or statements. The Government intends to object at trial and ask this Court to suppress any evidence at trial which has not been timely provided to the Government.

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that its motions be granted.


DATED: March 3, 2008.            Respectfully submitted,

                                 KAREN P. HEWITT
                                 United States Attorney


                                 s/ David D. Leshner
                                 DAVID D. LESHNER
                                 Assistant United States Attorney

14

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>       v.<br><br>JOSE GALLEGOS-LOPEZ,<br><br>             Defendant. | Case No. 08CR0085-L<br><br>CERTIFICATE OF SERVICE |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IT IS HEREBY CERTIFIED THAT:

     I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

     I am not a party to the above-entitled action. I have caused service of UNITED STATES' MOTIONS IN LIMINE on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

     Lynn H. Ball, Esq.

     I declare under penalty of perjury that the foregoing is true and correct.

     Executed on March 3, 2008.

                                          s/ David D. Leshner
                                          DAVID D. LESHNER