LYNN H. BALL, ESQ.
Bar No. 056497
1560 Scott Street
San Diego, CA 92106-2333
(619) 225-1914
(619) 225-1720 - Fax

Attorney for Defendant Jose Gallegos-Lopez

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. Case No.  08-CR-0085-L |
| | ) | |
| Plaintiff, | ) | **DEFENDANT GALLEGOS-LOPEZ'S** |
| | ) | **MOTIONS IN LIMINE** |
| vs. | ) | **(SECOND SET)** |
| | ) | |
| JOSÉ GALLEGOS-LOPEZ, | ) | Date: March 17, 2008 |
| | ) | Time: 10:00 a.m. |
| Defendant. | ) | Department: Judge Lorenz |
| | ) | Trial date: March 18, 2008 |
| | ) | Time: 9:00 a.m. |
| _____ | ) | Department: Judge Lorenz |

TO:    UNITED STATES ATTORNEY KAREN P. HEWITT AND HER ASSISTANT, CARLOS ARGUELLO AND DAVID D. LESHNER

PLEASE TAKE NOTICE of the following Motions in Limine (Second Set).

## INTRODUCTION

After defendant filed his First Set of Motions in Limine, he received notice from the United States Attorney of §404(b) evidence that there would be a designation of an expert witness who was to testify as to be an expert in alien-smuggling organizations and methods.

## MOTION IN LIMINE NO. 1

## IT IS REQUESTED THAT THE COURT PREVENT THE PROSECUTION FROM

## CALLING AS SUBSTANTIVE EVIDENCE, AGENT WEBSTER TO TESTIFY

## CONCERNING STRUCTURE OF ALIEN-SMUGGLING ORGANIZATIONS, THEIR PRACTICES IN HIRING AND TRAINING FOOT GUIDES AND THE METHODS USED IN THE CALEXICO AREA, INCLUDING SAFE HOUSES AND TRANSPORTERS

### Argument

Rule §702 restricts expert testimony to matters involving where there is testimony based upon sufficient facts or data, the testimony is the product through reliable principles and methods, and the witnesses applied the principles and methods reliable to the facts of the case.

The only reason why the prosecutor would want to introduce Agent Webster to testify, is to convince the jury that because, in his opinion, there are methods which are used for smuggling aliens; therefore, defendant is an alien-smuggler and therefore, he is using these methods.

The facts in this case are pretty simply. A couple of illegal aliens crawled over a fence and started running and they ended up in a shed in the back yard belonging to defendant's parents. Defendant was walking around shooting a pellet gun and watering the front yard. Why in the world we would need expert testimony concerning methods of alien smugglers is difficult to understand other than to lend some sort of imprimatur of conspiracy and to show the jury that because there are these methods, therefore, defendant must be guilty. In *U.S. v. Lui,* 941 F. 2d 844 (9th Cir. 1991) the court held that it was improper to use drug courier profile evidence as substantive evidence of the defendant's guilt or innocense. Clearly, in this case, there is no possible way for the jury to understand that this so-called "expert testimony" is not evidence of the defendant's guilt or innocense. This evidence is irrelevant and does not meet the standards of Rule §702, as there was insufficient facts or data in some fashion to show that this testimony will be helpful to the jury. This testimony is not in any fashion a product of reliable principles and methods and there would be no way to show that the witness has applied the principles and methods reliably to the facts of the case and therefore, this is irrelevant evidence and should not be allowed.

/ / /

1

## MOTION IN LIMINE NO. 2

2

## IT IS REQUESTED THAT THE COURT NOT ALLOW THE PROSECUTION TO

3

## INTRODUCE EVIDENCE OF THREE APPREHENSIONS OF DEFENDANT HAVING

4

## ILLEGAL ALIENS IN A VEHICLE AT THE PORT OF ENTRY.

5

### Argument

6

7

       The prosecution has indicated in a Notice that it intends to offer evidence of three incidents

8

pursuant to §404(b).  The first incident occurred February 17, 2005, wherein allegedly defendant

9

was transporting an alien behind the front seat of a vehicle.  The other incident was on January 27,

10

2006, where supposedly there was a person found in a vehicle being driven by Defendant Gallegos.

11

The third incident occurred January 9 -10, 2005 and involved a vehicle..  The government argues

12

these incidents are being admissible pursuant to §404(b) to establish knowledge, intent, plan,

13

opportunity, and a lack of mistake with respect to the Counts alleged in the Indictment.

14

       Defendant argues that these incidents are so much different than the facts in question that

15

they are not relevant.  If this were an incident involving the defendant driving a car across the

16

border and an illegal alien was found in the car and defendant insisted that he did not realize  that

17

it was a crime to bring a person across the border or did not realize that the person was in the

18

vehicle or some such thing, then these incidents would be relevant.

19

       However, in the instant case, it is difficult to articulate specifically how those three

20

incidents two and three years ago relate to two illegal aliens being found in a shed which belongs

21

to defendant's father where there is no evidence that defendant talked to these individuals or that

22

defendant conspired with anybody concerning this matter or indeed, that defendant event knew that

23

these individuals were in this shed.

24

       The only reason that the prosecution would desire to offer this evidence is to show that

25

defendant is a lawbreaker and it would be offered for propensity evidence as opposed to the proper

26

reasons under §404(b).

27

/ / /

28

1       Additionally, even if the government is able to show a knowledge or intent, which is highly

2  debatable, then the evidence should not be allowed pursuant to Rule §403 because it is more

3  prejudicial than probative.

4                                                          Respectfully submitted,

5                                                           *s/Lynn H. Ball*

6  Date: <u>March 4, 2008</u>

7                                                          Lynn H. Ball
                                                           Attorney for José Gallegos-Lopez
                                                           E-mail: lhball@sbcglobal.net