LYNN H. BALL, ESQ.
Bar No. 056497
1560 Scott Street
San Diego, CA 92106-2333
(619) 225-1914
(619) 225-1720 - Fax

Attorney for Defendant Jose Gallegos-Lopez

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. Case No.  08-CR-0085-L |
| | ) | |
| Plaintiff, | ) | **DEFENDANT GALLEGOS-LOPEZ'S** |
| | ) | **RESPONSE TO GOVERNMENT'S** |
| vs. | ) | **MOTION IN LIMINE** |
| | ) | |
| JOSÉ GALLEGOS-LOPEZ, | ) | Date: March 17, 2008 |
| | ) | Time: 10:00 a.m. |
| Defendant. | ) | Department: Judge Lorenz |
| | ) | Trial date: March 18, 2008 |
| | ) | Time: 9:00 a.m. |
| | ) | Department: Judge Lorenz |

NOW COMES defendant José Gallegos-Lopez and responds to the government's Motions in Limine:

## RESPONSE TO MOTION IN LIMINE NO. 3(A)

The government asks that it be allowed to argue that defendant did not need to act for personal gain. This motion is premature.  The Court should wait until all the evidence is in before the government is allowed to argue that defendant personally acted for purposes of commercial advantage.  It is requested that the Court not allow the prosecution to argue in opening statement evidence indicating that Gallegos personally acted for purpose of commercial advantage and that the government be required to wait until all evidence comes in until such argument is made.  The

1  reason for this is that the only evidence of this will be coming in from material witnesses and

2  material witnesses are often extremely reticent when testifying and there is no way of knowing

3  whether or not the material witnesses will testify in Court as the government represents.

**RESPONSE TO PROSECUTOR'S REQUEST TO ADMIT CO-CONSPIRATORS'**

**STATEMENTS CONCERNING SMUGGLING ARRANGEMENTS.**

The defense requests that no statement be made concerning so-called "co-conspirator statements" in the opening statement or in its case-in-chief until such time as the government has proven the existence of the conspiracy in which the declarant and defendant were members and has shown that the statement was made in the course of that conspiracy and that statement was made in furtherance of that conspiracy.  See *Federal Rule of Evidence* §801(d)(2)(E) and *Bourjaily v. United States*, 483 U.S. 171, 175 -176 ,107 S. Ct. 2775 (1987).  The existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered are preliminary questions of fact that under Rule §104(a), must be resolved by the judge alone.  See *Bourjaily v. United States*, *supra .*

It is requested that the Court in this instance, will require the prosecution to make its case for the conspiracy of declarant and defendant outside the jury's hearing pursuant to *United States v. James*, 590 F. 2d 575, 581 (5th Cir. 1979).  If the conspiracy between the declarant and defendant cannot be shown without the statements, then they should not be allowed in.

In the instant case, it does appear from the discovery that there is no possible way for the prosecution to show the existence of a conspiracy without the admission of the so-called "co-conspirator statements" and even with the admission of these statements, there is no evidence whatsoever to show that the defendant was a member of the conspiracy, as defendant did not reside at the house, but was merely at the house visiting his parents.

**DEFENDANT OBJECTS TO THE ADMISSION OF ALL §404(b) EVIDENCE FOR**

**THE REASONS SET FORTH IN MOTIONS IN LIMINE FILED BY DEFENDANT**

**EARLIER**.

Case No. 08-CR-0085-L

1

2        Defendant objects to the admission of Rule §609 evidence, that being the conviction for

3   importation of marijuana.  This conviction has little or no impeachment value for credibility and

4   should be not allowed pursuant to Rule §403.  Regarding the expert testimony from government

5   agents, the defense has already filed a Motion in Limine and requests that that witness not be

6   allowed to testify for the reasons set forth in defendant's Motion in Limine.

7                                           Respectfully submitted,

8                                           *s/Lynn H. Ball*

9   Date: <u>March 6, 2008</u>
                                            _____
10                                          Lynn H. Ball
                                            Attorney for José Gallegos-Lopez
11                                          E-mail: lhball@sbcglobal.net

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              -3-                    Case No. 08-CR-0085-L