KAREN P. HEWITT
United States Attorney
CARLOS M. ARGUELLO
DAVID D. LESHNER
Assistant U.S. Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6252/(619) 235-2757 (Fax)

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0085-L |
| Plaintiff, | ) | DATE:        March 18, 2008 |
| | ) | TIME:        9:00 a.m. |
| v. | ) | |
| JOSE GALLEGOS-LOPEZ, | ) | **UNITED STATES' TRIAL** |
| Defendant. | ) | **MEMORANDUM** |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Carlos M. Arguello and David D. Leshner, Assistant U.S. Attorneys, and hereby files its Trial Memorandum in the above-referenced case.

## I

## STATEMENT OF THE CASE

**A.    INDICTMENT**

The Defendant, Jose Gallegos-Lopez (hereinafter "Defendant"), was charged by a grand jury on January 9, 2008, with violating 8 U.S.C. §§ 1324(a)(2)(B)(ii), bringing in illegal aliens for financial gain, 8 U.S.C. §§ 1324(a)(1)(A)(iii), harboring illegal aliens, and aiding and abetting.  Defendant was arraigned on the four-count Indictment on January 15, 2008, and entered a plea of not guilty.

/ / /

**B.     TRIAL STATUS**

A jury trial is scheduled for March 18, 2008, at 9:00 a.m. before the Honorable M. James Lorenz, United States District Judge. The United States expects its case-in-chief to last approximately two days.

**C.     DEFENSE COUNSEL**

Defendant is represented by appointed counsel, Lynn H. Ball.

**D.     DEFENDANT'S CUSTODY STATUS**

Defendant is in custody.

**E.     INTERPRETER**

The United States will require the assistance of a Spanish-speaking interpreter for two of its witnesses.

**F. JURY WAIVER**

Defendant has not filed a jury waiver.

**G.     PRETRIAL MOTIONS**

On February 11, 2008, the Government filed a motion for reciprocal discovery.

On February 25, 2008, defendant filed motions in limine.  The Government filed motions in limine on March 3, 2008.  The Court will hear all motions on March 17, 2008 at 10:00 a.m.

**H.     STIPULATIONS**

To date, there are no stipulations.

**I.     DISCOVERY**

The Government has fully complied with its discovery obligations.  To date, Defendant has provided reciprocal discovery in the form of photographs of the 941 First Street residence and vicinity.

/ / /

/ / /

2

## II

## STATEMENT OF FACTS

On the evening of December 29, 2007, United States Border Patrol Agents ("BPAs") were conducting surveillance in Calexico CA.  The BPAs were positioned near First Street in a residential area to the east of the Calexico, California Port of Entry.  This area is immediately adjacent to the International Border Fence – which is located on the south side of First Street – and is notorious for alien smuggling activity.

At approximately11:35 p.m., BPAs observed Defendant walk outside into the backyard of 941 First Street ("the property").  Defendant walked to a shed in the backyard, appeared to unlock the door and then opened and closed the door as though testing to make sure it was unlocked. Defendant did not enter the shed, and he did not put anything in the shed or take anything out of it.

Defendant then walked away from the shed and discharged approximately 20 rounds from a pellet gun into fences located near adjacent residences.  The noise from the pellets hitting the fences caused multiple dogs to begin barking.  When the dogs began barking, Defendant walked to the east through his backyard to a chain link fence separating the yard from a vacant lot. Defendant leaned over the chain link fence and peered south toward the border fence.  Defendant then returned the backyard and discharged more rounds from the pellet gun.

Immediately thereafter, BPAs observed suspected smugglers place a ladder on south side of the border fence. Two suspected illegal aliens climbed up the ladder and over the top of the fence into the United States.

The suspected aliens ran north across First Street, as the suspected smugglers shouted directions.  The suspected aliens ran north into the vacant lot on First Street where Defendant had been standing and then climbed over the chain link fence and entered the backyard of 941 First Street.  Upon entering the backyard, the suspected aliens ran within feet of Defendant.  The suspected aliens ran into  the shed and loudly slammed the door shut behind them.

1    Defendant then walked from the backyard into the property's front yard.  Notwithstanding

2    that it was almost midnight, Defendant proceeded to water the front yard with a hose.  Both

3    suspected aliens remained inside the backyard shed.  After approximately 45 minutes, BPAs

4    approached Defendant as he continued to water the front yard.  As agents attempted to detain

5    Defendant, he became combative.  After subduing Defendant, BPAs placed him under arrest.

6    Defendant's father, the property owner, gave consent to search the residence and shed.

7    BPAs used a key to unlock the shed and found two individuals concealed inside, Bernabe

8    Hernandez-Montes and Gerardo Montes-Alberdin (hereafter "the material witnesses").  Both

9    material witnesses stated that they were citizens and nationals of Mexico illegally present in the

10    United States and that they were not in possession of any immigration documents allowing them

11    to enter or to remain inside the United States.  Each stated that they had made arrangements to be

12    smuggled illegally into the United States for between $2,500 and $2,800 USD.  Further, both

13    material witnesses stated that the smugglers on the south side of the International Boundary Fence

14    had given them specific instructions to climb the fence and to run into the shed in the property's

15    backyard.

16    In the course of searching the residence, BPAs found a pellet gun in the front living room.

17    ### III

18    ### DEFENDANT'S CRIMINAL HISTORY

19    On January 22, 2002, Defendant was convicted in Imperial County Superior Court of

20    inflicting corporal injury on a spouse/cohabitant, in violation of California Penal Code

21    § 273.5(A) (misdemeanor).  Defendant was sentenced to 365 days jail.

22    On June 28, 1999, Defendant was convicted in the United States District Court for the

23    Southern District of California of importation of marijuana, in violation of 21 U.S.C. §§ 952

24    and 960.  Defendant was sentenced to 5 months custody.  The district court sentenced

25    Defendant to an additional 8 months custody in 2002 for a supervised release violation.

26    / / /

27

28    4

On May 16, 1995, Defendant was convicted in Imperial County Superior Court of battery, in violation of California Penal Code § 242 (misdemeanor).  Defendant was sentenced to 180 days jail.

### IV

### WITNESSES

The United States expects to call the following witnesses, although it reserves the right to change the order of these witnesses, substitute witnesses, add, or omit one or more witnesses.

1.    Border Patrol Agent Michael Harrington

2.    Border Patrol Agent Maria Sandoval

3.    Border Patrol Agent Marc Battaglini

4.    Border Patrol Agent Alexander Mills

5.    Border Patrol Agent Joe Fernandez

6.    Border Patrol Agent Seth Sedano

7.    Border Patrol Agent Stephen Carter

8.    Immigration and Customs Enforcement Agent Don Webster

9.    Bernabe Hernandez-Montes

10.   Gerardo Montes-Alberdin

### V

### EXHIBITS

The Government will provide a complete exhibit list prior to trial and allow defense counsel to examine the exhibits before trial.  The Government currently intends to offer the following into evidence:

1.    Photographs of 941 First Street and the surrounding area

2.    Pellet gun seized from 941 First Street

/ / /

/ / /

# VI

## LEGAL ISSUES

**A.**     **Bringing In Illegal Aliens For Financial Gain**

The essential elements of a violation of 8 U.S.C. Section 1324(a)(2)(B)(ii) are:

1.     First, the defendant brought a person who was an alien into the United States for the purpose of commercial advantage or private financial gain;

2.     Second, the defendant knew or was in reckless disregard of the fact that the person was an alien who had not received prior official authorization to come to, enter or reside in the United States;

3. Third, the defendant acted with the intent to violate the United States immigration laws.

9th Cir., Manual of Model Jury Instructions for the Ninth Circuit, § 9.1A (2003), added January 2007.

An alien is a person who is not a natural-born or naturalized citizen of the United States. An alien is not lawfully in this country if the person was not duly admitted by an Immigration Officer. The term "private financial gain" means any economic benefit.

**B.**     **Aiding And Abetting**

Under 18 U.S.C. § 2, the essential elements of aiding and abetting the offense of bringing in illegal aliens for financial gain are:

1.     The bringing in of illegal aliens for financial gain was committed by someone;

2.     Defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the bringing in of illegal for financial gain or transportation of illegal aliens; and

3.     Defendant acted before the crime was completed.

9th Cir., Manual of Model Jury Instructions for the Ninth Circuit, § 5.1 (2003), modified February 2005.

1    "Aiding and abetting is not a separate and distinct offense from the underlying

2    substantive crime, but is a different theory of liability for the same offense." United States v.

3    Garcia, 400 F.3d 816, 820 (9th Cir. 2005). "For a defendant to be guilty of aiding and abetting,

4    it is necessary that he in some way associate himself with the venture, that he participate in it as

5    in something that he wishes to bring about, that he seek by his action to make it succeed."

6    United States v. Carranza, 289 F.3d 634, 642 (9th Cir. 2002) (internal citations omitted).

7        The plain language of 8 U.S.C. § 1324(a)(2)(B)(ii) requires only that the offense be

8    done for the purpose of commercial advantage or private financial gain.  A defendant who does

9    not physically transport aliens across the border may be held criminally liable for aiding and

10   abetting a "brings to" offense as long as the defendant knowingly and intentionally

11   commanded, counseled, or encouraged the initial transporter to commit the "brings to" offense.

12   United States v. Lopez, 484 F.3d 1186, 1199-1200 (9th Cir. 2007) (en banc).

13   **C.    Harboring Illegal Aliens**

14       The essential elements of a violation of 8 U.S.C. Section 1324(a)(1)(A)(iii) are:

15       1.    The material witness [Bernabe Hernandez-Montes and Gerardo Montes-

16   Alberdin] was an alien;

17       2.    The material witness was not lawfully in the United States;

18       3.    The defendant was in reckless disregard of the fact that the material witness was

19   not lawfully in the United States; and

20       4.    The defendant concealed the material witness for the purpose of avoiding the

21   material witness' detection by immigration authorities.

22   9th Cir., Manual of Model Jury Instructions for the Ninth Circuit, § 9.3 (2003)

23                                    **VII**

24                          **JURY INSTRUCTIONS**

25       The United States will file its proposed jury instructions under separate cover.

26   / / /

27

28                                     7

# VIII

## VOIR DIRE

1.      The United States will be calling witnesses who are employed by the United States Border Patrol. Does anyone have family members or close friends who work, or have worked, for these agency (or their predecessor agencies: the U.S. Customs Service and Immigration and Naturalization Service)? Would that prevent you from being fair and impartial?

2.      Of those of you who have sat on criminal juries, whose jury reached a unanimous verdict?

3.      Has anyone had an unpleasant experience with any law enforcement personnel?

4.      Has anyone had any disputes with any agency of the United States?

5.      Have you, relatives or close friends been investigated or arrested or accused or charged with a crime?

6.      Does anyone believe that the United States Government should not patrol the border it shares with Mexico?

7.      Does anyone have strong feelings about the Border Patrol, or the INS, the Immigration and Naturalization Service?

8.      Does anyone believe that our immigration laws are too harsh?

9.      Does anyone believe everyone should be allowed to enter the United States?

10.     Does anyone believe that it should not be illegal to enter the United States without authorization?

11.     Has anyone had an unpleasant experience at the United States border?

12.     Does everyone understand that as a juror your duty is to apply the law regardless of whether you disagree with it?

13.     Does anyone here know the difference between direct and circumstantial evidence?

8

14.    Does everyone understand that the laws of the United States equally apply to everyone who enters the United States?

15.    Does everyone understand that as a juror you are not to consider prejudice, pity or sympathy in deciding whether the Defendant is guilty or not guilty?

16.    Does anyone think they cannot decide whether a person is guilty or not guilty?

17.    Does anyone have religious or moral beliefs which will make it difficult for them to make a decision strictly based on the law and facts of this case?

18.    The Court will instruct you about the law. Will you follow the law as given by the Court and disregard any idea or notion you have about what the law is or should be?

19.    Does everybody understand that the defendant is entitled to a fair trial? Does everybody understand that the United States is also entitled to a fair trial?

20.    The law requires the United States to prove its case against the defendant
        beyond
a reasonable doubt. If you are selected, would you want the United States to prove its case by a higher standard of proof, such as beyond all possible doubt?

21.    This case involves the smuggling of illegal aliens into the United States. You may hear testimony in this case from undocumented alien witnesses who agreed to be smuggled into the United States in violation of the law.  Would you object to the United States' use of witnesses who themselves may have been involved in the criminal activity?  Does anyone have strong feelings about the laws of the United States relating to immigration and alien smuggling? Does anyone believe that alien smuggling should be legalized or the borders should be opened for all immigrants?  Does anyone disagree that the United States has a right to control the border and insist that individuals seeking entry follow certain procedures? Would your views prevent you from being fair and impartial in this case?

/ / /

/ / /

9

1   The United States respectfully requests and reserves the right to submit additional

2 questions prior to trial or in accordance with the Court's scheduling orders.

3

4   DATED: March 10, 2008.   Respectfully submitted,

5             KAREN P. HEWITT
                United States Attorney

6

7             s/ David D. Leshner
                DAVID D. LESHNER

8             Assistant United States Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28              10

1
UNITED STATES DISTRICT COURT

2
SOUTHERN DISTRICT OF CALIFORNIA

3
UNITED STATES OF AMERICA,                    Case No. 08CR0085-L

4
Plaintiff,

5
                                             CERTIFICATE OF SERVICE
v.

6
JOSE GALLEGOS-LOPEZ,

7
Defendant.

8

9

10
IT IS HEREBY CERTIFIED THAT:

11
        I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years
of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

12

13
        I am not a party to the above-entitled action.  I have caused service of UNITED STATES'
TRIAL MEMORANDUM on the following parties by electronically filing the foregoing with the
Clerk of the District Court using its ECF System, which electronically notifies them.

14

15
        Lynn H. Ball, Esq.

        I declare under penalty of perjury that the foregoing is true and correct.

16
        Executed on March 10, 2008.

17

18
                                             s/ David D. Leshner
                                             DAVID D. LESHNER

19

20

21

22

23

24

25

26

27

28