KAREN P. HEWITT
United States Attorney
CARLOS M. ARGUELLO
DAVID D. LESHNER
Assistant U.S. Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6252/(619) 235-2757 (Fax)

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                            )<br>                        Plaintiff,       )<br>                                                            )<br>              v.                                         )<br>                                                            )<br>JOSE GALLEGOS-LOPEZ,                 )<br>                                                            )<br>                        Defendant.    ) | Criminal Case No. 08CR0085-L<br><br>DATE:     March 18, 2008<br>TIME:      9:00 a.m.<br><br>**UNITED STATES' PROPOSED**<br>**JURY INSTRUCTIONS** |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Carlos M. Arguello and David D. Leshner, Assistant U.S. Attorneys, and hereby files its proposed jury instructions in the above-referenced case. The United States also requests leave to offer further jury instructions as may become relevant during the course of trial.

///

///

///

///

///

///

///

///

1   The United States requests that the Court give the following instructions from the Ninth Circuit Manual of Model Jury Instructions (Criminal) [2003 edition]:

3.1 - Duties of Jury to Find Facts and Follow Law

3.2 - Charge Against Defendant Not Evidence

3.3 - Defendant's Decision Not To Testify (if defendant does not testify)

3.4 - Defendant's Decision To Testify (if defendant testifies)

3.5 - Reasonable Doubt – Defined

3.6 - What Is Evidence

3.7 - What Is Not Evidence

3.8 - Direct and Circumstantial Evidence

3.9 - Credibility of Witnesses

3.11 - Activities Not Charged

3.12 - Separate Consideration of Multiple Counts

3.20 - Jury To Be Guided By Official English Translation/Interpretation

4.6 - Impeachment - Prior Conviction of Defendant (if defendant testifies)

4.17 - Opinion Evidence, Expert Witness

5.6 - Knowingly – Defined

7.1 - Duty to Deliberate

7.2 - Consideration of Evidence

7.3 - Use of Notes

7.4 - Jury Consideration of Punishment

7.5 - Verdict Form

7.6 - Communication with Court

The United States requests that the Court give the following instructions pertaining to the crimes charged:

/ / /

2

COURT'S INSTRUCTION NO.____

GOVERNMENT'S PROPOSED INSTRUCTION NO.__1__

The indictment charges that the offenses alleged were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

[1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 231, § 13.05 (5th ed. 2000)] ["On or About" -- Explained].

1                         COURT'S INSTRUCTION NO.____

2               GOVERNMENT'S PROPOSED INSTRUCTION NO.__2__

3

4       The intent of a person or the knowledge that a person possesses at any given time may

5 not ordinarily be proved directly because there is no way of directly scrutinizing the workings

6 of the human mind. In determining the issue of what a person knew or what a person intended

7 at a particular time, you may consider any statements made or acts done or omitted by that

8 person and all other facts and circumstances received in evidence which may aid in your

9 determination of that person's knowledge or intent.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24 [1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 622, § 17.07 (5th ed.

25 2000)] ["Proof of Knowledge or Intent"] (modified to delete second paragraph pursuant to

26 United States v. Rubio-Villareal, 927 F.2d 1495 (9th Cir. 1991)).]

27

28

COURT'S INSTRUCTION NO.____

GOVERNMENT'S PROPOSED INSTRUCTION NO.  3  

The defendant is charged in Counts 1 and 3 of the indictment with bringing aliens to the United States for the purpose of commercial advantage or private financial gain, in violation of Section 1324(a)(2)(B)(ii) of Title 8 of the United States Code and Section 2 of Title 18 of the United States Code.

A defendant may be found guilty of bringing an illegal alien to the United States for commercial advantage or financial gain, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, bringing in the following listed aliens for commercial advantage or financial gain was committed by some individual(s):

        Count 1:       Bernabe Hernandez-Montes

        Count 3:       Gerardo Montes-Alberdin

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured the individual(s) to commit the crime of bringing in the illegal aliens for the individual's(s') commercial advantage or private financial gain; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of bringing in an illegal alien for commercial advantage or financial gain.

The government is not required to prove precisely which person actually committed the crime and which person aided and abetted.

In order for some individual(s) to commit the crime of bringing in an alien for commercial advantage or financial gain, the government must prove each of the following elements beyond a reasonable doubt:

First, that some individual(s) knowingly and intentionally brought the following listed persons to the United States in the Southern District of California on or about the dates listed below for the purpose of personal commercial advantage or personal private financial gain:

        Count 1:        Bernabe Hernandez-Montes on December 29, 2007

        Count 3:        Gerardo Montes-Alberdin on December 29, 2007

Second, that the individual(s) knew or was (were) in reckless disregard of the fact that the above-listed persons were aliens who had not received prior official authorization to come to, enter, or reside in the United States;

Third, that the individual(s) acted with the intent to violate the United States immigration laws.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

The terms "commercial advantage" and "private financial gain" mean any economic benefit.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, §§ 5.1, 9.1A] (financial gain from <u>United States v. Angwin</u>, 271 F.3d 786, 805 (9th Cir. 2001)).

COURT'S INSTRUCTION NO.____

GOVERNMENT'S PROPOSED INSTRUCTION NO.  4   

The defendant is charged in Counts 2 and 4 of the indictment with Harboring of Illegal Aliens in violation of Section 1324(a)(1)(A)(iii) of Title 8 of the United States Code.  In order for the defendant to be found guilty of each charge, the Government must prove each of the following elements beyond a reasonable doubt as to each charge:

    First:        The following individuals were aliens:

                Count 2:    Bernabe Hernandez-Montes

                Count 4:    Gerardo Montes-Alberdin

    Second:    The above-listed persons were not in the United States legally;

    Third:        The defendant knew or acted in reckless disregard of the fact that the above-listed persons were not lawfully in the United States; and

    Fourth:    The defendant concealed the above-listed persons for the purpose of avoiding the above-listed persons' detection by immigration authorities.

[Committee on Model Criminal Jury Instructions - Ninth Circuit, Manual of Model Jury Instructions for the Ninth Circuit, §§ 5.1, 9.2] [Alien – Illegal Transportation, modified with aiding and abetting]

1
2
3     DATED: March 19, 2008.    Respectfully submitted,
4                                                     KAREN P. HEWITT
5                                                     United States Attorney
6                                                     s/ David D. Leshner
7                                                     DAVID D. LESHNER
                                                    Assistant United States Attorney
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

|     |                                              |                              |
| --- | -------------------------------------------- | ---------------------------- |
| 1   | UNITED STATES DISTRICT COURT                 |                              |
| 2   | SOUTHERN DISTRICT OF CALIFORNIA              |                              |

| UNITED STATES OF AMERICA, | Case No. 08CR0085-L |
| --- | --- |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| JOSE GALLEGOS-LOPEZ, | |
| Defendant. | |

IT IS HEREBY CERTIFIED THAT:

     I, DAVID D. LESHNER, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

     I am not a party to the above-entitled action. I have caused service of UNITED STATES' PROPOSED JURY INSTRUCTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

     Lynn H. Ball, Esq.

     I declare under penalty of perjury that the foregoing is true and correct.

     Executed on March 19, 2008.

                                            s/ David D. Leshner  
                                            DAVID D. LESHNER